IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DESHAWN REGAN, #B87010** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:21-cv-00477-SMY |
| ) | |
| **ANTHONY WILLS,** ) | |
| **ROB JEFFREYS,** ) | |
| **SHERRY BENTON,** ) | |
| **JEFF MULLHOLLAND,** ) | |
| **JOSHUA A. SCHOENBECK,** ) | |
| **WILLIAM A. SPILLER,** ) | |
| **JOHN/JANE DOE 1, and** ) | |
| **JOHN/JANE DOE 2,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff DeShawn Regan, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):[1] From March 1, 2020 to June 17, 2020, correctional staff would allow more than 10 inmates in an enclosed communal

---

[1] In the statement of claim, Plaintiff states he is incorporating all claims and complaints mentioned in the grievances attached to the Complaint. Plaintiff is required to state all of his allegations and claims in the Complaint. It is not the Court's responsibility to search the documents attached to the Complaint for his claims.

shower setting with no adequate staff supervision and no way to enforce social distancing.[2] Anthony Wills, Rob Jeffreys, William Spiller, John/Jane Doe 1, and John/Jane Doe 2 knew or had reason to know (due to their administrative positions) that this posed an unreasonable risk of injury to the inmates health and safety during the COVID-19 pandemic.

Plaintiff refused to shower on June 14, 2020 because the showers were not being conducted in accordance with CDC guidelines and safety protocols for the COVID-19 pandemic.  Plaintiff was placed in segregation on June 16, 2020 and received a disciplinary ticket the next day charging him with the offenses of violent assault, dangerous contraband, and gang or unauthorized organizational activity.  The disciplinary report stated that he had participated in a violent assault of an inmate in the shower on June 14, 2020 that had been carried out by five inmates.  Confidential sources stated a weapon was utilized in the assault and that the assault was punishment from the gangster disciples.  The investigation was conducted by Lt. Spiller who withheld the identity of the alleged victim and the sources of information allegedly for the safety and security of the institution.  Lt. Spiller stated the confidential source information was credible and reliable due to the consistency of their statements.

A disciplinary hearing was held on the charges on June 23, 2020 before the Adjustment Committee.  After being asked how he was pleading to the charges by Chairperson Joshua Schoenbeck, Plaintiff requested an extension of time and staff assistance in preparing a defense. Plaintiff stated that so much information was withheld by Lt. Spiller in the disciplinary report that he was unable to prepare a defense and needed to find out who the shower supervisor was on June 14, 2020 to testify that Plaintiff did not shower on that date.  His request was denied.  Plaintiff received notice on June 26, 2020 that he had been found guilty of the violent assault and gang or

---

[2] Plaintiff also alleges this occurred from September 30, 2019 to June 14, 2020 and that correctional staff allowed more than 15 inmates in the communal shower.

unauthorized organizational activity but not the dangerous contraband. He received six months segregation, C-grade status, contact visit restriction, and commissary restriction. During Plaintiff's time in segregation, he was subjected to a wide variety of deplorable, inhumane, and degrading conditions, including being unable to clean his cell.

Plaintiff submitted grievances regarding the Adjustment Committee's decision. His grievances were denied by the grievance officer, chief administrative officer, administrative review board (ARB), and the IDOC Director. The ARB reduced the charge of violent assault to assault, which should have reduced his segregation time to three months, but it did not.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment claim against all Defendants for unconstitutional conditions of confinement for failing to follow CDC guidelines and safety protocols for the COVID-19 pandemic in the Menard east house showers.
>
> Count 2: Fourteenth Amendment claim against Defendants Wills, Jeffreys, Benton, Mulholland, Schoenbeck, and Spiller for due process violations related to the disciplinary report and disciplinary hearing that resulted in Plaintiff's placement in disciplinary segregation for six months.
>
> Count 3: Violation of IDOC policies and procedures claim against Defendants Wills, Jeffreys, Benton, Mulholland, Schoenbeck, and Spiller related to Plaintiff receiving six months in disciplinary segregation instead of three months.
>
> Count 4: Deprivation of property claim against Defendants Wills, Jeffreys, Benton, Mulholland, Schoenbeck, and Spiller.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[3] *See Bell Atlantic Corp. v.*

---

[3] In the introductory paragraph of his Complaint, Plaintiff states he is making a state law tort claim of negligence. Plaintiff has not alleged any facts in support of such a claim and it is therefore dismissed.

*Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Facts sufficient to support two elements are required to state a viable constitutional violation. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 842.

Plaintiff claims Defendants created a risk of injury to the health and safety of the inmates during the COVID-19 pandemic by not following CDC guidelines and safety protocols for the COVID-19 pandemic in the Menard east house showers. Plaintiff did not, however, suffer any injury. Therefore, he fails to state a claim. *See Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996) (holding it is the preventable harm itself, rather than the potential for harm, that gives rise to a compensable claim under the Eighth Amendment). As such, Count 1 will be dismissed.

### Count 2

The evaluation of Plaintiff's due process claim involves a two-part inquiry. First, the Court considers whether a constitutionally protected interest was at stake. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). If it was, the Court must examine whether the disciplinary proceeding was

4

conducted in accordance with procedural due process requirements. *Id.*

As to the first inquiry, the Court focuses on Plaintiff's placement in disciplinary segregation.[4] In assessing whether disciplinary segregation amounts to a constitutional violation, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). Here, Plaintiff served six months in disciplinary segregation and has alleged conditions sufficient to trigger a due process interest. Thus, Plaintiff has sufficiently stated a claim that a liberty interest was infringed.

This brings the Court to the second inquiry: Whether the disciplinary proceeding was conducted in accordance with procedural due process requirements. In a prison disciplinary proceeding, procedural due process requires compliance with the protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Specifically, an inmate is entitled to (1) advanced written notice of the charge against him; (2) the right to appear before an impartial hearing panel; (3) the right to call witnesses and present documentary evidence if prison safety allows; and (4) a written statement of the reasons for the discipline imposed. *Wolff*, 418 U.S. at 563-69. In addition, the disciplinary decision must be supported by some evidence. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Plaintiff alleges that he was unable to call witnesses and the disciplinary decision was not supported by "some evidence," which is sufficient to proceed on a Fourteenth Amendment due process claim against Schoenbeck and Spiller, who were directly involved in the disciplinary proceedings.

---

[4] As a result of the disciplinary action, Plaintiff received six months segregation, C-grade status, contact visit restriction, and commissary restriction. Only the disciplinary segregation presents a viable constitutional claim. *See, e.g.*, *Thomas v. Ramos*,130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges); *Overton v. Bazzetta*, 539 U.S. 126, 136 (2003) (withdrawal of visitation privileges for a limited period of time as a disciplinary measure is not a dramatic departure from accepted standards for conditions of confinement).

However, Plaintiff's claim against Wills, Jeffreys, Benton, and Mulholland ("grievance officials") for denying his grievances and appeals regarding the alleged unconstitutional disciplinary proceedings fails to state a claim.  Because prison grievance procedures are not constitutionally mandated and do not implicate the due process clause, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance.").  And, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation."  *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).  Therefore, Wills, Jeffreys, Benton, and Mulholland will be dismissed from Count 2.

**Count 3**

Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or ... departmental regulations and police practices."  *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003); *see also Ashley v. Snyder*, 739 N.E.2d 897, 902 (Ill.App.Ct. 2000) (prison regulations were "never intended to confer rights on inmates or serve as a basis for constitutional claims").  As such, Plaintiff cannot use § 1983 to enforce IDOC regulations and policies.  *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010).  Neither can he assert a liberty interest arising from IDOC policies and/or procedures.  *James v. Pfister*, 708 F. App'x 876, 879–80 (7th Cir. 2017).  Count 3 will therefore be dismissed.

**Count 4**

Plaintiff alleges he suffered a loss of property and/or a monetary loss related to a subscription service while he was in segregation.  To state a property loss claim under the

Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. However, if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims. Count 4 will be dismissed with prejudice.

### Request for Injunctive Relief

Because Plaintiff requests injunctive relief in the Complaint, Warden Wills, in his official capacity as the current Menard Warden, will remain a defendant only for that claim. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### Official capacity claims

Plaintiff alleges claims against each defendant in their individual and official capacities. As previously noted, Defendant Wills, in his official capacity, is the proper defendant for Plaintiff's claim for injunctive relief. However, the claims against Schoenbeck and Spiller for monetary damages may only be brought against them in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005). A state official sued in his official capacity is not a "person" within the meaning of section 1983, and therefore an official capacity claims against an individual is really a suite for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity. *Will v. Michigan Dep't of State Police*, 491

7

U.S. 58, 71 (1989); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). Accordingly, Plaintiff's claims against Schoenbeck and Spiller are dismissed.

## Disposition

The Fourteenth Amendment due process claim in Count 2 will proceed against Defendants Joshua A. Schoenbeck and William A. Spiller in their individual capacities. Counts 1, 3, and 4 and Defendants Rob Jeffreys, Sherry Benton, Jeff Mulholland, John/Jane Doe 1, John/Jane Doe 2, and Anthony Wills (individual capacity) and the official capacity claims against Joshua A. Schoenbeck and William A. Spiller are **DISMISSED without prejudice**. Anthony Wills will remain a defendant in his official capacity as the current Warden of Menard Correctional Center for purposes of Plaintiff's claim for injunctive relief. The Clerk of Court is **DIRECTED** to **TERMINATE** Rob Jeffreys, Sherry Benton, Jeff Mulholland, John/Jane Doe 1, and John/Jane Doe 2 as defendants.

The Clerk shall prepare for Joshua A. Schoenbeck, William A. Spiller, and Anthony Wills (official capacity only) : (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  June 16, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.