IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DESHAWN REGAN, #B87010, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. 21-cv-477-RJD |
| ) | |
| ANTHONY WILLS, JOSHUA ) | |
| SCHOENBECK and WILLIAM ) | |
| SPILLER, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections (IDOC) at Menard Correctional Center ("Menard"), filed this suit pursuant to 42 U.S.C. §1983 (Doc. 1). In his Complaint, Plaintiff alleges that he received a disciplinary ticket on June 17, 2020, charging him with the offenses of violent assault, dangerous contraband, and gang or unauthorized organization activity. The disciplinary report stated that Plaintiff participated in the violent assault of an inmate on June 14, 2020. Defendant Spiller conducted the investigation and withheld the identities of the alleged victim and confidential sources for safety and security reasons. At a disciplinary hearing on June 23, 2020, Defendant Schoenbeck denied Plaintiff's request for an extension of time and staff assistance to prepare a defense to the ticket. Plaintiff' was found guilty of violent assault and gang or unauthorized organization activity. As a result, he spent six months in segregation where he was subjected to inhumane and degrading conditions. Plaintiff claims that Defendants Spiller and Schoenbeck violated his due process right under the 14th Amendment to the U.S. Constitution.

1

In addition to monetary damages, Plaintiff seeks an injunction that expunges "any disciplinary actions resulting from the incidents named in this Complaint" (Doc. 1, p. 14). As the current warden at Menard, Defendant Anthony Wills is a party solely for the purpose of carrying out any injunctive relief.

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 27). Defendants filed a Response (Doc. 31) and Plaintiff filed a "Supplemental Motion for Temporary Restraining Order" (Doc. 36) that the Court construes as a Reply to Defendants' Response. Plaintiff contends that he was involved in an "alleged incident" in the east house yard on December 9, 2021. Afterwards, at the healthcare unit, Defendant Schoenbeck confronted him and said "oh look who's coming to segregation again, we are gonna have fun with you." Plaintiff asked "what's that supposed to mean?" and Defendant Schoenbeck replied "this ain't the courthouse boy, you bout to be stuck in my house where you get to see what filing all that paperwork against us gets you." Plaintiff was placed under investigation status on December 10, 2021 and all of his personal items were "completely trashed and sprawled throughout [his] cell" on December 15, 2021. He filed the instant motion on December 17, 2021.

## Evidentiary Hearing

The Court held a hearing on Plaintiff's Motion for Preliminary Injunction on February 3, 2022. Plaintiff testified that he was in the healthcare unit on December 9, 2021 when Defendant Schoenbeck saw him and said "man you're coming to seg now and all the paperwork you're filing is going to die down." Plaintiff left healthcare and was escorted to segregation. He testified that there is no reason for him to be in segregation and he is not getting the medical attention he needs. He sees other inmates in segregation receiving medical attention.

On December 12, 2021, Correctional Officer Morris (not a defendant) told Plaintiff that he [Plaintiff] was the type of inmate who files lawsuits. CO Morris further stated that Plaintiff "wasn't getting nothing from [CO Morris]." Plaintiff received a tray with only potatoes on it while the other inmates received chicken patties with their potatoes.

On a subsequent occasion, Plaintiff expected to be tested for Covid. Defendant Schoenbeck was performing the tests in the hallway in the segregation unit. The correctional officers refused to take Plaintiff to be tested because Defendant Schoenbeck said Plaintiff "shouldn't come out [to the hallway]."

Internal Affairs interviewed Plaintiff regarding the December 9, 2021 incident, and the staff member (not a defendant) who conducted the interview told Plaintiff to "drop the lawsuits, drop the grievances." On December 21, 2021, Plaintiff appeared before the adjustment committee regarding the December 9, 2021 incident. Defendant Schoenbeck was the chairperson of the committee. At the beginning of the hearing, Plaintiff stated that he "would like to have an unbiased committee." Plaintiff received 90 days in segregation for the December 9, 2021 incident.

There was a commissary supply shortage at Menard in January 2022 and Plaintiff had a difficult time finding pens so that he could submit grievances. He also had a difficult time completing discovery and filing pleadings in this case.

Plaintiff submitted an affidavit from another inmate, Terrell Anderson (Doc. 41). According to his affidavit, Anderson heard Plaintiff complain to various prison personnel that he "was asthmatic…and he was being denied medical and mental health treatment from December 9, 2021 through January 17, 2022." On January 11, 2022, Anderson heard Plaintiff tell mental health staff that he [Plaintiff] was having a mental health crisis. The staff member said "we only have two staff for the entire place so it takes a long time." On that same day, Anderson heard Plaintiff

tell a nurse that he was having breathing problems and chest pain but had "never been called" for medical attention. On January 15, 2022, Plaintiff left his cell to take a Covid test and Anderson heard correctional officers ripping papers and throwing items against the wall in Plaintiff's cell. One or more correctional officers said "this the legal man right here….he's the one always dropping grievances." Plaintiff and Anderson were also shaken down on January 16, 2022.

## Legal Standard

To obtain a preliminary injunction, Plaintiff must establish that (1) he will suffer irreparable harm without the injunction; (2) "traditional legal remedies are inadequate"; and (3) he has "some likelihood of succeeding on the merits." *Mays v. Dart,* 974 F.3d 810, 818 (7th Cir. 2020) (internal citations omitted). An injunction that requires an affirmative act by the respondent is a mandatory preliminary injunction and should be "sparingly issued." *Id*. (*citing Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1998)). The Prison Litigation Reform Act ("PLRA") mandates that any preliminary injunctive relief ordered in this case must be "narrowly drawn, extend no further than necessary to correct the harm . . . , " and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

In his Complaint, Plaintiff seeks injunctive relief in the form of an expungement of the June 2020 disciplinary findings against him. For preliminary injunctive relief, however, he wants prison staff to stop retaliating against him. Plaintiff's motion fails because he has not met the requirements for preliminary injunctive relief. Most of the events that Plaintiff describes-the chicken patty incident, having to borrow pens because of the commissary supply shortage, delayed Covid testing, even the ransacking of his cell-do not constitute irreparable harm. *See Graham*, 130 F.3d at 296 ("irreparable harm is harm which cannot be repaired, retrieved"). Plaintiff ultimately

received a Covid test. He has been able to prepare pleadings in this case, even after his cell was ransacked. He was only denied an entrée on one occasion.

While some of Plaintiff's problems could cause irreparable harm, e.g., denial of treatment for asthma or mental health conditions, nothing in the record before the Court suggests that Defendants Schoenbeck or Spiller are responsible for (or have any influence over) Plaintiff's healthcare. Of course, the provision of medical care falls under Warden Wills' purview, but he is not accused of any wrongdoing in this case and a preliminary injunction must necessarily be related to the issue(s) in the underlying suit. *See Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394-NJR (S. D. Ill. Jul. 24, 2019) (*citing Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

Moreover, the conduct described by Plaintiff in his Motion for Preliminary Injunction is not sufficiently related to the allegations in Plaintiff's Complaint. At the preliminary injunction hearing, Plaintiff testified that certain individuals-including Defendant Schoenbeck-have made comments in the last 2-3 months regarding Plaintiff's grievances and lawsuit. Those statements do not connect the allegedly retaliatory acts that started in December 2021 to the underlying issue in this suit: whether Defendants Schoenbeck and Spiller violated Plaintiff's 14th Amendment right to due process in June 2020.

Of course, Defendant Schoenbeck is the chairperson of the same committee that recently disciplined Plaintiff by placing him in segregation, a similar fact pattern to the events alleged in the underlying Complaint. Regardless, the two disciplinary hearings are two distinct events, occurring approximately 18 months apart and pertaining to different incidents. The two disciplinary hearings constitute two separate claims.

In sum, Plaintiff's Motion for Preliminary Injunctions fails for two reasons. One, most of his current difficulties do not amount to irreparable harm. The remaining issues-the December

2021 hearing and his access to medical care-are not related to Plaintiff's underlying claim against Defendants.  Consequently, Plaintiff's Motion for Preliminary Injunction (Doc. 27) is DENIED.

**IT IS SO ORDERED.**

**DATED:  February 17, 2022**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**