IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DESHAWN REGAN, #B87010, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. 21-cv-477-RJD |
| ANTHONY WILLS, JOSHUA SCHOENBECK and WILLIAM SPILLER, et al. | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections (IDOC) at Menard Correctional Center ("Menard"), filed this suit pursuant to 42 U.S.C. §1983 (Doc. 1). Plaintiff alleges that Defendants violated his due process rights under the 14th Amendment to the U.S. Constitution in connection with a disciplinary ticket that Plaintiff received on June 17, 2020, charging him with the offenses of violent assault, dangerous contraband, and gang or unauthorized organization activity. Defendant Spiller conducted the investigation and withheld the identities of the alleged victim and confidential sources for safety and security reasons. At a disciplinary hearing on June 23, 2020, Defendant Schoenbeck denied Plaintiff's request for an extension of time and staff assistance to prepare a defense to the ticket. Plaintiff' was found guilty of violent assault and gang or unauthorized organization activity and spent six months in segregation.

Plaintiff has filed multiple Motions for Recruitment of Counsel. When presented with a request to recruit counsel, the Court first determines whether the indigent plaintiff made a reasonable attempt to obtain counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff outlines reasonable attempts to obtain counsel (Doc. 3), so the issue for the Court to consider is whether Plaintiff appears competent to litigate *pro se* in light of the complexity of the case. *Id*.

Plaintiff's allegations are relatively straightforward and the issue in this case-whether he was denied due process-is not complex. In his Motions for Recruitment of Counsel, Plaintiff's primary argument is that Defendants are withholding information that he has requested in discovery. He believes that if he was represented by counsel, he would be able to obtain the names of the alleged victim and confidential sources who were involved in his investigation. Certainly, the disclosure of confidential sources would raise security concerns regardless of whether Plaintiff is represented by an attorney. If Plaintiff believes Defendants are improperly withholding information from him, he should raise this issue as a discovery dispute. Plaintiff's pleadings filed thus far are intelligible, concise, and reflect an adequate understanding of the issues involved in his case and Orders entered by the Court. Accordingly, Plaintiff's Motions for Recruitment of Counsel (Docs. 42, 44, 52, 53) are DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

**DATED:  August 15, 2022**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**